IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**MARIO RODRICUS MCGAUGHY**                                                                   **PLAINTIFF**

**V.**                                             **CIVIL ACTION NO. 3:24-CV-00046-GHD-JMV**

**KIRK FORDICE, et al.**                                                                    **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *pro se* prisoner complaint of Mario Rodricus McGaughy, who challenges the conditions of his confinement under 42 U.S.C.§ 1983. Upon due consideration of his allegations and the applicable authority, the Court finds that McGaughy's claims should be dismissed for failure to state a claim upon which relief can be granted.

### Screening Standards

Because McGaughy has been permitted to proceed *in forma pauperis* in this action,[1] his claims are subject to *sua sponte* dismissal under the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. § 1915(e)(2).[2] Pursuant to the PLRA, the Court is obligated to evaluate the complaint and dismiss if it is "frivolous or malicious," if it "fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." *Id.* A claim is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if relief could not be granted to the plaintiff "under any set of facts that would be proven consistent with the allegations" in the complaint. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citation omitted); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (complaint fails to state a

---

[1] *See* Doc. #7.
[2] *See also* 28 U.S.C. § 1915A (subjecting prisoner complaint to preliminary screening regardless of *in forma pauperis* status).

claim only where it does not plead "enough facts to state a claim to relief that is plausible on its face").

## Plaintiff's Allegations and Procedural Posture

McGaughy, an inmate in the custody of the Mississippi Department of Corrections, is currently housed at the Mississippi State Penitentiary located in Parchman, Mississippi. In the instant matter, McGaughy complains generally about the quality of legal services provided to indigent defendants when he was a pre-trial detainee in the jails located in Verona, Mississippi, and Tupelo, Mississippi. He further opines that officials named in his complaint failed to perform their job duties and responsibilities. McGaughy additionally declares that the alleged provision of substandard legal services and failure to perform official duties occurred between the years of 1996 and 1998.

McGaughy names former Mississippi Governor Kirk Fordice, former Mississippi Attorney General Mike Moore, the Lee County Board of Supervisors (for the period of 1996-1998), Public Defender Melvin C. Ellis, former Mississippi Governor Ronnie Musgrove, and the Verona Police Department and Investigators (only as to year 1996) as Defendants in this action. By way of relief, McGaughy seeks varying amounts of monetary damages from each defendant as well as declaratory and injunctive relief.

On March 7, 2024, the Court entered an Order directing McGaughy to show cause why his claims should not be dismissed with prejudice for failure to state a claim upon which relief can be granted. McGaughy filed his response on March 19, 2024.

## Statute of Limitations

In an action brought under Section 1983, a federal court must apply the forum state's general statute of limitations for personal injury actions. *See Wallace v. Kato*, 549 U.S. 384, 387

2

(2007); *Owens v. Okure*, 488 U.S. 235, 250 (1989). In Mississippi, that period is three years. *See* Miss. Code Ann. § 15-1-49; *Norwood v. City of Mendenhall, Miss.*, 630 F. App'x 245, 249 (5th Cir. 2015) (citing *Edmonds v. Oktibbeha Cty.*, 675 F.3d 911, 916 (5th Cir. 2012)). Although state law controls the statute of limitations, "federal law governs when a [Section] 1983 claim accrues." *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 421 (5th Cr. 2016); *see also Wallace*, 549 U.S. at 388. Under federal law, a Section 1983 claim accrues, and the limitations period begins to run, "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (citing *Russell v. Bd. of Trustees*, 968 F.2d 489, 493 (5th Cir. 1992)).

In his complaint, McGaughy identifies the time period between 1996 and 1998 as when he was provided the alleged substandard legal services. Based on the allegations in his complaint, McGaughy was aware of the alleged deficiencies at the time he was a pretrial detainee between the years of 1996 and 1998. As such, the three-year limitations period began to run at the latest, on December 31, 1998, and expired on December 31, 2001. McGaughy filed the instant case on February 20, 2024, approximately twenty-three (23) years after the limitations period had run. In his complaint, McGaughy failed to advance any argument for tolling the statute of limitations nor did he argue that the limitations period has not otherwise run.

Applying the relevant authority, it is apparent on the face of McGaughy's complaint that the statute of limitations has run on his claims regarding his pre-trial incarceration at the jails in Verona and Tupelo. In his response to the show cause order, McGaughy wholly failed to address the timeliness issue. Thus, the Court finds that McGaughy's claims should be dismissed as untimely filed.

## No Personal Involvement Identified by Plaintiff

Even assuming, *arguendo*, that McGaughy's claims were timely filed, his claims against former Mississippi Governors Kirk Fordice and Ronnie Musgrove, former Mississippi Attorney General Mike Moore, and Lee County Board of Supervisors fail to state a claim upon which relief can be granted. A plaintiff proceeding under 42 U.S.C. § 1983 cannot establish that a government official violated the plaintiff's constitutional rights simply by virtue of the official's role as a "supervisory official". *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978); *see also Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999) (noting that a subordinate's acts do not trigger any individual liability under Section 1983). Instead, to state a viable claim under Section 1983, the plaintiff must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozana v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). There are only two scenarios in which a supervisory official may be held liable under § 1983: (1) when he affirmatively participates in the incident, or (2) when he implements an unconstitutional policy that results in the constitutional injury. *Wernecke v. Garcia*, 591 F.3d 386, 401 (5th Cir. 2009). Consequently, a supervisory official "can be held liable only for his own misconduct." *Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011).

McGaughy's complaint contains no allegations of personal involvement by Defendants Fordice, Musgrove, or Moore. Rather, McGaughy merely asserts that they held elected positions in the state at the time he was a pre-trial detainee. As to the Lee County Board of Supervisors, McGaughy does not identify a particular supervisor involved in the allegations, but simply opines that they failed to do their jobs adequately. Otherwise, McGaughy's allegations as to these

4

defendants are wholly generalized and conclusory. In his response to the show cause order, McGaughy merely repeats the same generalized and conclusory allegations and notes their official positions during the relevant time-period.

In short, Defendants Fordice, Musgrove, and Moore have been named defendants in this action merely due to their positions of authority within the state and that the Lee County Board of Supervisors because of their position(s) of authority within the county; thus, they should be dismissed from this action. *See Oliver v. Scott*, 276 F.3d 736, 742 n.6 (5th Cir. 202) (Section 1983 does not allow a supervisory official to be held liable for the actions of their subordinates); *see also Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action.").

For these reasons, Plaintiff's claims against Defendants Fordice, Musgrove, Moore, and the Lee County Board of Supervisors should be dismissed for failure to state a constitutional question.

### **Police Departments are not Amenable to Suit**

Moreover, Defendant "Verona Police Department and Investigators" is not a proper party. Under Rule 17(b), an entity must have the capacity to be sued. Fed. R. Civ. P. 17(b). For a plaintiff to sue a city or county department, that department must enjoy a separate legal existence. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (citation omitted). Whether an entity enjoys a separate legal existence and, therefore, has the capacity "to sue or be sued is determined . . . by the law of the state where the court is located." Fed. R. Civ. P. 17(b)(3). In Mississippi, "sheriff's departments are not political subdivisions within the meaning of the MTCA. Thus, the Sheriff's Department does not enjoy a separate legal existence, apart from [the county in which it is located]." *Brown v. Thompson*, 927 So.2d 733, 737 (Miss. 2006). Likewise, a

5

municipality's police department is not a legal entity separate and apart from the municipality. *Paixao v. City of Greenwood*, 2024 WL 28033, at *2 (N.D. Miss. Jan. 2, 2024); *Moore v. Laurel Police Dep't*, 2022 WL 22236294, at *1 (S.D. Miss. Mar. 2, 2022) (citations omitted); *see also Showers v. City of Bay St. Louis*, 2020 WL 8620189, at *1 (S.D. Miss. July 28, 2020); *Upchurch v. City of Moss Point*, 2011 WL 5082224, at *3 (S.D. Miss. Oct. 26, 2011); *Stewart v. Jackson Co, Miss.*, 2008 WL 4287112 at *1 (S.D. Miss. Sept. 16, 200*); *Steward v. Perry*, 2008 WL 4145216, at *1 (S.D. Miss. Sept. 4, 2008). As such, Defendant Verona Police Department and Investigators (as an entity)[3] should be dismissed from this case.

### **Habeas Corpus Claims are Not Cognizable in a Section 1983 Proceeding**

Lastly, Plaintiff seemingly alleges that Defendant Melvin Ellis, who served as his court-appointed public defender during this time, rendered ineffective assistance of counsel. To the extent that he seeks to invalidate his state-court conviction or sentence, such claims are not properly raised in a case filed under Section 1983. To be sure, it well-settled habeas corpus petitions are the "exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *see also Edge v. Stalder*, 240 F.3d 1074 (5th Cir. 2000).

Additionally, as the plaintiff's success on these claims would necessarily call into question the validity of his conviction, they must be dismissed until such time as a § 1983 plaintiff is able to

> prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to

---

[3]McGaughey does not name an individuals within the police department as a defendant.

> a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. at 487; *see also Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994). As the plaintiff's conviction and sentence have not been invalidated, his claims regarding ineffective assistance of counsel must be dismissed without prejudice to his ability to seek relief for these claims through a petition for a writ of habeas corpus under 28 U.S.C. § 2254.

## Conclusion

Based on the foregoing discussion, the Court finds that McGaughy has failed to state a cognizable constitutional claim. Accordingly, the Court finds that this action should be **DISMISSED WITH PREJUDICE**[4] for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal counts as a "strike" under 28 U.S.C. § 1915(g). McGaughy is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while incarcerated unless he is in imminent danger of some physical injury. 28 U.S.C. § 1915(g). A final judgment in accordance with this opinion will be entered today.

**SO ORDERED**, this the 20th day of March, 2024.

_____
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**

---

[4] The dismissal with prejudice applies to all claims except his claim for ineffective assistance of counsel; that claim is dismissed without prejudice.

7